THIS case was adjourned from the Circuit Court of James’ City County. The judge of that court during its session in April, 1811, brought into court the following certificate, which was ordered to be entered.
“ Virginia to wit. On the 25th day of January, 1811, “I, William Nelson, one of the judges of the general u court, and judge of the circuit court of James’ City “ county, having taken the affidavit of a witness con-w cerning a duel, then about to take place between Wil-“liarn Irvine, and James W. Murdaugh, called upon ** Benjamin B. Jones, and demanded his affidavit as additional testimony, on which to ground a warrant “ against those concerned. The said Benjamin B. Jones u wished to consult counsel, and after consulting them, “refused to give me any information on the subject. I * informed him that according to the opinion of some, I “had a right to commit him, but as I had doubts on the u subject I should not do that, but should either proceed “ against him at the then next session of thé circuit “ court of James’ City county, or refer the case to the “ general court.” The circuit court then ordered the certificate and the following questions to be adjourned to *271 Ae general court. “ First, whether a judge out of court “ hath a right, when he hath reason to suspect a duel is “ about to take place, to punish a witness who may re- “ fuse out of court to give testimony, if the party accused “ be not before the judge, and if so, in what manner: “ Secondly, hath lie such right, when the party accused “ is before the judge.”
The general court, June 17, 1812, certified it to be their opinion, “ that a judge out of court hath a right, whea “ he hath reason to suspect a duel is about to take place, “ to commit a witness who may refuse out of court to “ give testimony by affidavit, when the party accused is “ not before the judge, until he shall give testimony, and “ that a fortiori, such power exists when the party accused is before the judge.”